864 F.2d 149
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Concepcion C. BOADO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3337.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1988.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 On reconsideration, the Office of Personnel Management (OPM), denied petitioner's application for a deferred civil service retirement annuity on a finding that petitioner had received a refund of her contributions to the retirement fund and thereby forfeited her rights to an annuity until she was reemployed. Petitioner appealed to the Merit Systems Protection Board (MSPB or Board), which upheld the determination of OPM (MSPB Docket No. SE08318710447). We affirm the decision of the MSPB.
 
 OPINION
 
 2
 The petitioner, Ms. Boado, was employed as a civilian at the United States Air Force Manila Signal Depot in the Philippines from June 30, 1945, until July 29, 1949, and at the Manila Area Personnel Office from September 5, 1950, until February 19, 1953. On April 21, 1953, her application for a refund of her retirement deductions for her final two years, five-and-a-half months of service was granted and the refund was paid. Her application was on a form which contained a printed statement to the effect that her annuity rights would be forfeited by payment of the refund, unless she was later reemployed.
 
 
 3
 Thereafter, she applied for retirement benefits in which she claimed four years and one month of federal civilian service performed between June 30, 1945, and July 29, 1949, and an additional two years, five-and-a-half months service performed between September 5, 1950, and February 19, 1953.
 
 
 4
 The decision of the administrative judge, which was affirmed by the full board, was based upon 5 U.S.C. Sec. 8342(a), which provides in pertinent part:
 
 
 5
 ... the receipt of the payment of the lump-sum credit by the employee ... voids all annuity rights under this subchapter based on the service on which the lump-sum credit is based, until the employee ... is reemployed in the service subject to this subchapter.
 
 
 6
 Ms. Boado has not been employed in a covered position at any time since she received the refund, and she has not made a redeposit of her retirement contributions.
 
 
 7
 As this Court has previously held, petitioner's rights were extinguished when she received her refund. Yarbrough v. Office of Personnel Management, 770 F.2d 1056, 1060 (Fed.Cir.1985).